**IN THE**
**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

JIMMY LEE BYNUM JR.,
      Plaintiff,

v.

BANDZA et al,
      Defendants.

Case No. 2:20-cv-02343-JEH-RLH

**Order**

Now before the Court is the Defendant Commonwealth Serum Laboratories Behring's Motion for Judgment Notwithstanding the Verdict (D. 128).[1] For the reasons stated *infra*, the Defendant's Motion is denied.

**I**

On September 5, 2023, the Court issued its Order denying the Defendants' Motion for Summary Judgment. (D. 54 at ECF p. 1). On May 2, 2025, the Court granted the Plaintiff's Motion to Dismiss the individual defendants in the case, leaving Commonwealth Serum Laboratories Behring ("CSL Behring") as the remaining defendant. *See* 05/02/2025 Text Order. On May 5, 2025, the Court began its five-day jury trial. *See* 05/09/2025 Minute Entry. On May 7, 2025, CSL Behring filed a Motion for Directed Verdict and Memorandum in Support. (D. 119 & D. 120). On the same day, the Court denied CSL Behring's Motion for Directed Verdict. *See* 05/07/2025 Minute Entry. On May 8, 2025, the Plaintiff filed a Motion for Judgment as a Matter of Law (D. 121) to which the Defendant made an oral cross Motion for Judgment as a Matter of Law. *See* 05/08/2025 Minute Entry. The

---

[1] Citations to the electronic docket are abbreviated as "D. ___ at ECF p. ___."

1

Court denied both. *Id.* On May 9, 2025, the jury returned a verdict in favor of the Plaintiff's FMLA (Family and Medical Leave Act) interference claim and awarded him "lost wages and benefits damages" totaling $57,500. (D. 123). On June 6, 2025, the Defendant filed a Motion for Judgment Notwithstanding the Verdict and Memorandum in Support. (D. 128 & D. 129). On July 14, 2025, the Plaintiff filed its Response. (D. 135). The matter is now fully briefed.

## II

After a jury trial, Federal Rule of Civil Procedure 50(b) governs the renewal of a motion for judgment as a matter of law. FED. R. CIV. P. 50(b). "When entertaining a motion for judgment as a matter of law, the court should review all of the evidence in the record." *Tart v. Illinois Power Co.*, 366 F.3d 461, 472 (7th Cir. 2004). "In doing so, the Court must draw all inferences in favor of the nonmoving party". *Id.* The Court "may not make credibility determinations or reweigh the evidence" and "must disregard all evidence favorable to the moving party that the jury is not required to believe." *Id.* "A court should render judgment as a matter of law when 'a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue.'" *Murray v. Chicago Transit Auth.*, 252 F.3d 880, 886 (7th Cir. 2001) (quoting FED. R. CIV. P. 50(a)). "Only if no rational jury could have found for the nonmovant may [the Court] disturb the jury's verdict." *Ruiz-Cortez v. City of Chicago*, 931 F.3d 592, 601 (7th Cir. 2019).

In this case, the Defendant challenges the evidentiary and legal basis of the jury's verdict, arguing that no reasonable jury could find that CSL Behring interfered with the Plaintiff's FMLA rights. (D. 129 at ECF p. 1). For the Plaintiff to succeed at trial on his FMLA interference claim, he was required to show, by a preponderance of the evidence, that (1) he was eligible for FMLA protection; (2) that his employer was covered by the FMLA; (3) that he was entitled to leave under

2

the FMLA; (4) that he provided sufficient notice of his intent to take leave; and (5) that his employer denied him the right to FMLA benefits to which he was entitled. *Nicholson v. Pulte Homes Corp.*, 690 F.3d 819, 825 (7th Cir. 2012). The Defendant claims that the Plaintiff failed to establish the fourth or fifth elements of his claim. (D. 129 at ECF p. 5-6). The Plaintiff contends that overturning the jury's verdict in his favor is not warranted and that there was no clear error in the law applied. (D. 135 at ECF p. 2-3). For the reasons that follow, the Court agrees with the Plaintiff.

### A

As to the fourth element challenged by the Defendant, CSL Behring asserts that the Plaintiff's claim must fail "because he did not provide Defendant with sufficient notice of any unusual circumstances the night of August 19, 2018, that prevented him from complying with CSL's call-in procedure prior to his termination." (D. 129 at ECF p. 6). In response, the Plaintiff contends that the jury decided the notice issue in his favor, and that there was sufficient evidence for the jury to determine that notice was properly given under the FMLA. (D. 135 at ECF p. 4-11).

Indeed, the following instruction was given to the jury, which stated in relevant part:

> Second, that Defendant had appropriate notice of Plaintiff's need for leave. Plaintiff must have given notice as soon as both possible and practical, taking into account all of the facts and circumstances. Plaintiff must have given at least verbal notice sufficient to make Defendant aware that he needed FMLA leave. Plaintiff did not need to mention the FMLA or use any specific words if he gave Defendant enough information that Defendant knew, or should have known, that Plaintiff needed FMLA leave. Absent unusual circumstances, where an employer has customary notice procedures regarding requests for leave, the employer may require

3

the employee to comply with its procedures. (D. 122 at ECF p. 26).

Accordingly, the jury was instructed that, in order to find for the Plaintiff in this case—as they did—they must find, by a preponderance of the evidence, that the Defendant was given the appropriate notice of Plaintiff's need for leave under the circumstances. *Id.* The Defendant again directs this Court to *Aubuchon v. Knauf Fiberglass*, 240 F. Supp. 2d 859, 869 (S.D. Ind. 2003), *aff'd* 359 F.3d 950 (7th Cir. 2004), in support of its assertion that the Plaintiff cannot satisfy the fourth element. (D. 129 at ECF p. 6-8). However, for the reasons already discussed in the Court's denial of the Defendant's Motion for Summary Judgment, the Court finds Plaintiff's reliance on *Aubuchon* to be unpersuasive. (D. 54 at ECF p. 21-27). Moreover, there was credible testimony presented at trial upon which a reasonable jury could find that notice was properly given. (D. 135 at ECF p. 5-11). In looking to just one such piece of evidence, the Plaintiff points out that the Defendant's corporate representative, Mr. Stewart, testified at trial that, "if there were in fact, an emergency event, then I believe that this situation would apply, that's set forth in subsection C." (D. 135 at ECF p. 6) (in reference to the application of providing appropriate notice when the leave sought is unforeseeable under 29 C.F.R. § 825.303(c)). To that end, the "Plaintiff testified that when he was preparing to leave for work, he heard his son have an asthma attack." (D. 129 at ECF p. 3). He further "testified that he was never asked for the reason that he called off" and the that he called "25 minutes before his shift started, at 10:35 at night, and stated FMLA to security." (D. 135 at ECF p. 7-8). Given that the Court must draw all reasonable inferences in favor of the nonmoving party, those facts are sufficient for the jury to credibly believe, and reasonably conclude, that the Plaintiff was dealing with unusual circumstances and that notice was properly given pursuant to the FMLA. *See Tart*, 366 F.3d at 472.

4

**B**

As to the fifth element, the Defendant argues the "Plaintiff cannot establish the fifth element because he was not denied any benefit to which he was entitled under the FMLA." (D. 129 at ECF p. 12). The Defendant further states, without citation (D. 129 at ECF p. 12), that "the uncontested evidence shows that every time Plaintiff requested FMLA leave, including the final time he requested leave on August 19, 2018, his leave request was granted, and he was reinstated to his same position after returning to work, including the last occasion on August 19, 2018." *Id.* The Defendant further argues that the "Plaintiff was not terminated because he exercised his rights under the FMLA; rather, he was terminated for violating the call-in rule the night of August 19, 2018." *Id.* Of course, the Plaintiff sees things differently, and, as further discussed below, the Court agrees that there was a legally sufficient basis for the jury to conclude that the Plaintiff was denied FMLA benefits to which he was entitled.

As the Plaintiff correctly notes (D. 135 at ECF p. 12), the argument now advanced by the Defendant was previously determined by the Court at the summary judgment stage to be a "distinction without a difference." (D. 54 at ECF p. 29). In so finding, the Court observed that "it is a violation of the FMLA to require adherence to an employer's internal rules and procedures even when an employee is in the midst of a medical emergency." *Id.* at ECF p. 30. There, the Court previously stated that it "has found that unusual circumstances did justify Plaintiff's failure to comply with Defendants' notice procedures, and therefore Plaintiff was entitled to FMLA-protected leave, which included the right to be free from discipline for his exercise of his rights under the FMLA . . . ." *Id.* "Defendants' attempt to separate Plaintiff's discipline (here, termination) for failing to strictly adhere to their 30 minute notice policy . . . is insupportable." *Id.* "Defendants cannot escape liability under the FMLA by 'granting' Plaintiff FMLA leave on

5

August 19-20 . . . but then waiting until August 31, 2023, to actually discipline (terminate) him for his FMLA-protected leave on August 19, 2023." *Id.* That the Court has already resolved similar, if not identical arguments, puts this issue squarely in the law of the case doctrine which "reflects the rightful expectation of litigants that a change of judges midway through a case will not mean going back to square one." *Mendenhall v. Mueller Streamline Co.*, 419 F.3d 686, 691 (7th Cir. 2005). While the Court "may alter previous rulings" under certain circumstances "'he is not free to do so . . . merely because he has a different view of the law or facts from the first judge.'" *Best v. Shell Oil Co.*, 107 F.3d 544, 546 (7th Cir. 1997) (quoting *Williams v. C.I.R.*, 1 F.3d 502, 503 (7th Cir. 1993)). "Instead, the presumption is that earlier rulings will stand, even though it can be overcome for compelling reasons . . .." *Id.* In this case, Judge Bruce already ruled on similar arguments in denying the Defendant's Motion for Summary Judgment. (D. 54 at ECF p. 29-30). Similarly, this Court denied the Motion for a Directed Verdict raising the same. (D. 120 at ECF p. 10); *see also* 05/07/2025 Minute Entry. The Court finds no compelling reason to depart from those prior rulings now. And, given the testimony that was presented at trial regarding Plaintiff's compliance with the FMLA under the circumstances, and the fact that it is undisputed that the Plaintiff was later terminated, a reasonable jury could find that the Plaintiff was denied FMLA benefits to which he was entitled. *See Ruiz-Cortez*, 931 F.3d at 601.

Lastly, the Defendant argues that because it had an "honest belief that there were no unusual circumstances that prevented Plaintiff from following CSL's call-in rule . . . [it] precludes [the] Defendant's liability." (D. 129 at ECF p. 14) (citing cases in support). However, the legal theory now advanced by the Defendant was not raised in the Rule 50(a) Motion for Directed Verdict. *See* (D. 119 & D. 120). And because "the Rule 50(b) motion is only a renewal of the preverdict motion, it can be granted only on grounds advanced in the preverdict motion." *Ziccarelli v. Dart*,

142 F.4th 477, 483 (7th Cir. 2025). Therefore, the Court denies the request for relief on the legal theory now raised by the Defendant because it was not previously asserted. *See id.*

### III

For the reasons stated, *supra*, the Court denies the Defendant's Motion for a Judgment Notwithstanding the Verdict. (D. 128).

*It is so ordered.*

Entered on August 11, 2025

s/Jonathan E. Hawley
U.S. DISTRICT JUDGE

7