IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

JIMMY LEE BYNUM, JR.,
    Plaintiff,

v.

BANDZA et al,
    Defendants.

Case No. 20-CV-2343

**Order**

Now before the Court is the Plaintiff's Post-Trial Brief (D. 145).[1] For the reasons set forth *infra*, the Court grants in part and denies in part the requested relief.

**I**

On December 15, 2025, the Plaintiff filed the pending Post-Trial Brief following a bench trial limited to damages. (D. 145). On January 26, 2026, the Defendant, Commonwealth Serum Laboratories Behring, filed a response (D. 146), followed on February 17, 2026 by the Plaintiff's reply. (D. 147). The matter is now fully briefed.

**II**

In May of 2025, the Court held a jury trial on the Plaintiff's FMLA claims. The jury found in favor of the Plaintiff, and that the Defendant violated the FMLA when it terminated the Plaintiff. In turn, the jury awarded $57,500.00 in lost wages and benefits damages (D. 123), which was a fraction of the $628,856.00 the Plaintiff sought.

---

[1] Citations to the electronic docket are abbreviated as "D. ___ at ECF p. ___."

1

On October 29, 2025, the Court held a one-day bench trial to address the Plaintiff's request for front pay and liquidated damages. In the wake of that bench trial, the Court now assesses the parties' post-trial briefing, to determine if the Plaintiff is entitled to liquidated damages, front pay, and/or prejudgment interest.

### A

The Court will first address the Plaintiff's request for liquidated damages. The Plaintiff argues that several pieces of evidence prove that the Defendant terminated the Plaintiff in bad faith. The Defendant, of course, highlights its own evidence to argue that it conducted a good faith, FMLA investigation prior to terminating the Plaintiff.

Under the FMLA, "liquidated damages are presumed unless the employer demonstrates that it acted reasonably and in good faith." *Byrne v. Avon Prods., Inc.*, 125 F. App'x 704, 705 (7th Cir. 2004). Specifically, "an employer can rebut the presumption of liquidated damages if it can prove that its action was taken in 'good faith' and that it had 'reasonable grounds for believing that the act or omission was not a violation,' of the Act." *Holder v. Illinois Dep't of Corr.*, 751 F.3d 486, 498 (7th Cir. 2014) (quoting 29 U.S.C. § 2617(a)(1)(A)(iii)).

Here, the Court finds that the Defendant has carried its burden of demonstrating good faith and reasonable grounds for believing the Plaintiff's termination was lawful. The Defendant, both here and at trial, presents evidence that prior to terminating the Plaintiff, Ms. McEnerney, Manager of the Coagulation Department, consulted with Ms. Adams, Manager of Human Resources, for guidance. During that e-mail conversation, Ms. Adams told Ms. McEnerney:

> Let's hold off on any action for [the Plaintiff's] late call-off last night but we should discuss next steps. I think we need to re-evaluate this as a terminable offense until we have more facts about it; can you ask Jimmy why he called off late? Then let's discuss.

(D. 146-10 at ECF p. 1). Ms. McEnerney then testified that, after this conversation, she complied with Ms. Adams' instructions and met with the Plaintiff in her office. (D. 141 at ECF p. 599:24–25, 600:1–2). During that conversation, Ms. McEnerney testified that the Plaintiff "would not provide a response" for why he called off late. (*Id.* at 600:2–6). The Defendant further argues that, in light of the results of this investigation, the Defendant's decisionmakers lacked knowledge at the time of termination that the Plaintiff called off late for an FMLA-covered reason.

The Court is convinced that an employer whose HR department required an investigation into whether the employee's late call-off implicated the FMLA; who testified that an investigation was conducted, a meeting with the employee was held, and no FMLA-covered reason was provided by the employee; who testified that its decisionmakers lacked direct knowledge that the employee called off for an FMLA-related reason; and who, prior to the termination, was not informed by the employee that the late call-off was for an FMLA-covered reason, has proffered enough evidence to establish good faith.

To be clear, the evidence the Court now weighs does nothing to undermine the jury verdict entered in favor of the Plaintiff. The Court also understands that the Plaintiff disagrees with much of the Defendant's witness testimony, and instead argues that the Defendant held animus towards the Plaintiff. But the limited question is whether the Defendant has shown a good faith, reasonable basis for its decision to terminate the Plaintiff, regardless of whether that decision was ultimately unlawful. And here, the Defendant has presented sufficient evidence, through the form of trial exhibits and sworn testimony, that the Defendant had "reasonable grounds to believe" its' decision to terminate the Plaintiff did not violate the FMLA. Perhaps the Defendant suffered from "bureaucratic intertia", *Freelain v. Vill. of Oak Park*, 888 F.3d 895, 903 (7th Cir. 2018),

and clearly the Defendant's investigatory structure did not procure the correct result. But these factors, while sufficient to impose liability on the Defendant, do not belie good faith. On this score, then, the Plaintiff's motion is denied. *See Freelain*, 888 F.3d at 903 ("Here, nothing in the facts developed by Freelain approaches malice or recklessness; the evidence shows bureaucratic inertia rather than bad faith. For this reason, Freelain also could not be entitled to the double-backpay liquidated damages relief provided by the FMLA."); *see also Dierlam v. Wesley Jessen Corp.*, 222 F. Supp. 2d 1052, 1057 (N.D. Ill. 2002) ("The Court denies Dierlam's request for statutory liquidated damages as the Court is satisfied that Wesley acted in good faith and had reasonable grounds for believing that its actions were not a violation of § 2615(a)(1) of the FMLA."); c*f. Hudak v. St. Joseph Cnty. Bd. of Commissioners*, No. 3:18-CV-932 RLM, 2021 WL 5121833, at *2 (N.D. Ind. Nov. 4, 2021) (finding bad faith where the plaintiff testified, and the defendant did not adequately rebut, that "the county's human resources director and Ms. Brandy [the plaintiff's supervisor] both pressured her to work past her FMLA hours and threatened her with termination").

### B

The Court now turns to the Plaintiff's request for front pay. The Plaintiff argues that front pay is appropriate because reinstatement is unrealistic (a fact on which the parties stipulate). As a result of his termination, and stipulation that the Plaintiff's reinstatement is impractical, the Plaintiff (aided by his expert) argues that he is entitled to somewhere between $1,012,583 and $1,124,853 in front pay. This range represents the Plaintiff's loss in present and future earnings as a result of the Defendant's FMLA violation.

In response, the Defendant asserts a variety of reasons why the Plaintiff has not carried his burden of proving entitlement to front pay. For one, the Defendant points out that the Plaintiff fails to cite any authority in his opening brief that front

pay is warranted. Further, the Defendant argues that the Plaintiff is currently engaged in comparable employment with Union Pacific, the jury awarded only $57,500.00 of the $628,856.00 that the Plaintiff sought in back pay, and the length of time for which Plaintiff seeks front pay damages (21 years) is "extraordinarily long and unprecedented in an employment case of this type." (D. 146 at 1 ECF p. 13).

"A 'front pay award gives the employee the present value of the earnings from her old job less the earnings from her new (or expected) job.'" *Cloutier v. GoJet Airlines, LLC*, 996 F.3d 426, 449 (7th Cir. 2021) (quoting *Williams v. Pharmacia, Inc.*, 137 F.3d 944, 954 (7th Cir. 1998)). "[T]he determination of front pay is entrusted to the trial court's sound discretion." *Downes v. Volkswagen of Am., Inc.*, 41 F.3d 1132, 1141 (7th Cir. 1994). In considering whether to award front pay, courts in this Circuit have weighed a multitude of factors, including: "whether the plaintiff has a reasonable prospect of obtaining comparable employment, whether the time period for the award is relatively short, whether the plaintiff intended to work …, and whether liquidated damages have been awarded." *Downes v. Volkswagen of Am., Inc.*, 41 F.3d 1132, 1141 (7th Cir. 1994). Courts have also considered how the awarded back pay amount compares to the sought front pay amount, *see Valdivia v. Twp. High Sch. Dist. 214*, No. 16 C 10333, 2019 WL 699905, at *7 (N.D. Ill. Feb. 20, 2019), *aff'd*, 942 F.3d 395 (7th Cir. 2019), and whether the facts the plaintiff assumes as the basis for front pay are "unduly" speculative. *McKnight v. Gen. Motors Corp.*, 973 F.2d 1366, 1372 (7th Cir. 1992).

The Court agrees with the Defendant that the Plaintiff has failed to carry his burden of demonstrating entitlement to front pay. Indeed, several factors militate against an award. Perhaps most persuasively, the jury found in the Plaintiff's favor, yet awarded only $57,500.00 of the $628,856.00 sought in back pay damages. Clearly, this evinces the jury's intent to limit the Plaintiff's damages to a particular

point in time—a point in time that does not run through the present and future. *See Valdivia*, 2019 WL 699905, at *7 (denying a front pay award because, in part, the "plaintiff's attorney asked the jury to award $57,256.70 in backpay damages," but "the jury awarded plaintiff only $ 12,000.00 in backpay, indicating that the jury was not convinced that plaintiff would have kept working at Wheeling High School even if defendant had not interfered with her right to FMLA leave").

If the jury believed that the Plaintiff's injury was such that his damages award should have encompassed several years—let alone over 21 years from the injury into the present and the future—then the jury's award would have reflected that understanding. Instead, the jury awarded 9% of the damages requested. Plainly, an award of front pay would be incongruous with the jury's findings, and the Plaintiff has failed to persuade us otherwise. Absent compelling evidence, the Court would be reckless to undermine the jury and award front pay, despite the jury's unmistakable effort to truncate the Plaintiff's damages timeframe.

That factor is enough to urge the Court to exercise its discretion to deny front pay. But the Plaintiff's comparable employment provides even stronger rationale. Since December of 2022, the Plaintiff has worked as a signalman for Union Pacific. For over three years, then, the Plaintiff has worked a comparable job. And prior to Union Pacific, the Defendant put forth evidence that the Plaintiff worked construction, drove for Uber and Lyft, and applied to only "a handful of jobs between April and July 2022." (D. 146 at ECF p. 13). Consequently, the Plaintiff's comparable employment, paired with a lack of evidence that the Plaintiff employed "reasonable diligence" to quickly procure that comparable employment, militates against a front pay award. *Hutchison v. Amateur Elec. Supply, Inc.*, 42 F.3d 1037, 1045 (7th Cir. 1994) (affirming the denial of front pay because "the jury may reasonably have set a date between termination and judgment by which Ms. Hutchison, using reasonable diligence, should have found

'comparable' employment, as adjusted over time"); *Stragapede v. City of Evanston*, 125 F. Supp. 3d 818, 833 (N.D. Ill. 2015) (denying front pay award because "Stragapede's front-pay award can only extend until Stragapede, using reasonable diligence, should have found comparable employment", and "[a]lthough he was understandably frustrated with his lack of success in his first few years of looking for new jobs, that does not mean that he can stop trying and expect an award of front pay through his intended retirement age. Had Stragapede continued to diligently search for work, he might very well have found comparable employment. His claim for front pay is denied.").

Lastly, the Plaintiff's timeframe for his requested front pay award—21 years—not only is void of supporting evidence, but is highly speculative. There is no compelling argument or evidence highlighted in the Plaintiff's brief that the Plaintiff would have remained in the Defendant's employ for 21 total years. While Plaintiff's damages-expert report accounts for what would happen *if* the Plaintiff enjoyed 21 years with the Defendant, it does nothing to push that notion from speculative to reasonable. Accordingly, the lofty timeframe requested also weighs against awarding front pay. *See Ortega v. Chicago Bd. of Educ.*, 280 F. Supp. 3d 1072, 1111 (N.D. Ill. 2017) ("'The longer the front pay period, the more speculative the front pay award.'"); *Williams v. Pharmacia Opthalmics, Inc.*, 926 F. Supp. 791, 796 (N.D. Ind. 1996), *aff'd*, 137 F.3d 944 (7th Cir. 1998) ("A [front pay] remedy must be based on events more likely than not to occur, and the existence of future uncertainties have led courts to act cautiously when considering awards of front pay for lengthy periods.").

Thus, the Plaintiff's Post-Trial Brief is denied to the extent it seeks front pay.

7

C

Lastly, the Plaintiff seeks prejudgment interest. The Defendant does not contest that the Plaintiff is entitled to prejudgment interest on his backpay damages award; it contests interest only as to liquidated damages and front pay (which the Court declines to award). Accordingly, the court grants the Plaintiff's request for prejudgment interest on his backpay damages award. *See Pickett v. Sheridan Health Care Ctr.*, 813 F.3d 640, 647 (7th Cir. 2016) (quoting *Gorenstein Enters., Inc. v. Quality Care–USA, Inc.*, 874 F.2d 431, 436 (7th Cir. 1989)) (awarding prejudgment interest on backpay award because "[p]re-judgment interest should be presumptively available to victims of federal law violations").

The Plaintiff shall provide, within 14 days of this Order, a schedule of his damages such that interest can be properly calculated.

III

For the reasons set forth *supra*, the relief sought in the Plaintiff's Post-Trial Brief (D. 145) is granted in part and denied in part. The Plaintiff's requests for liquidated damages and front pay damages are denied. The Plaintiff's request for prejudgment interest on his lost wage and back pay damages award is granted. The Plaintiff, within 14 days of this Order, shall provide a schedule of his damages so that prejudgment interest can properly be calculated.

*It is so ordered.*

Entered on March 13, 2026

s/Jonathan E. Hawley
U.S. DISTRICT JUDGE