E-FILED
Thursday, 23 April, 2026 12:21:00 PM
Clerk, U.S. District Court, ILCD

**IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION**

JIMMY LEE BYNUM, JR.,
     Plaintiff,

v.

BANDZA *et al.*,
     Defendants.

Case No. 20-cv-2343

**Order**

Now before the Court is the determination of the Plaintiff's prejudgment interest award.[1]

**I**

On March 13, 2026, the Court granted in relevant part the Plaintiff's request for prejudgment interest, and instructed the Plaintiff to file a schedule of his damages. (D. 148). The Plaintiff did so (D. 149), and the Defendant filed a response. (D. 155). The matter is therefore fully briefed.

**II**

The issue before the Court is the amount of prejudgment interest to which the Plaintiff is entitled. The Plaintiff argues that he is entitled to $25,281.85 in prejudgment interest. This number assumes a 6% annual interest rate from September 1, 2018 (the date of the Plaintiff's termination) through March 27, 2026 (the date on which the Plaintiff filed his schedule of damages), based on the Plaintiff's $57,500 backpay award. The Defendants, meanwhile, assert three objections: (1) prejudgment interest did not begin accruing until April 2022; (2) it stopped accruing on October 26, 2023; and (3) the Plaintiff's calculations for September 2018 are errant. The Court will

---

[1] Citations to the electronic docket are abbreviated as "D. ___ at ECF p. ___."

1

address these objections in turn, and will then calculate the Plaintiff's prejudgment interest award.

A

First, the Defendants argue that prejudgment interest should be calculated from April 2022—rather than the Plaintiff's termination date of September 2018—because the "Plaintiff did not make any meaningful efforts to search for a new job until approximately April 2022." (D. 155 at 2). But, generally, prejudgment interest is calculated from the date of the Plaintiff's termination. *See Gracia v. Sigmatron Int'l, Inc.*, 130 F. Supp. 3d 1249, 1263 (N.D. Ill. 2015), *aff'd*, 842 F.3d 1010 (7th Cir. 2016) (calculating prejudgment interest from "the date of the [plaintiff's] firing"); *Baier v. Rohr-Mont Motors, Inc.*, 175 F. Supp. 3d 1000, 1011 (N.D. Ill. 2016) (quoting *S.E.C. v. Koenig*, No. 02 C 2180, 2009 WL 4043319, at *4 (N.D. Ill. Nov. 23, 2009)) (calculating prejudgment interest from the date of the plaintiff's termination until "'damages have been ascertained in a meaningful way'"); *Woods v. Von Maur, Inc.*, No. 09 C 7800, 2012 WL 2062400, at *7 (N.D. Ill. June 7, 2012) (calculating prejudgment interest "from the date of Woods' termination until the date of entry of the jury's verdict").

The Defendants, meanwhile, cite to no authority that supports straying from this general proposition; rather, they provide only an assertion that the Plaintiff failed to mitigate damages and should not be rewarded for that failure. But even if the Court accepts the Defendants' argument that the Plaintiff failed to mitigate damages, the Defendants certainly have not shown that failure to be "so egregious" as to limit the Plaintiff's statutory right to prejudgment interest. *Wescher v. Chem–Tech Int'l*, No. 13-CV-229-PP, 2016 WL 7441655, at *5 (E.D. Wis. Dec. 27, 2016) ("The defendant argues that the court should calculate interest from the date that the case was filed. The court recognizes that there were delays along the plaintiff's journey to the jury verdict. Chem–Tech terminated the plaintiff on September 30, 2011. On July 12, 2012, the plaintiff filed a complaint with the Department of Labor ("DOL") seeking assistance with his USERRA claim. DOL's investigation continued through the end of 2012. The

plaintiff filed this complaint on March 1. Nevertheless, the plaintiff was representing himself when he filed both the DOL complaint and this complaint, and the court finds that the delays are not so egregious as to preclude the plaintiff from receiving pre-judgment interest for the entire period from the date of termination.").

The Defendants have not provided convincing evidence that the Plaintiff's behavior was sufficiently egregious to displace the status quo; their argument is therefore rejected.

**B**

The Defendants next object that prejudgment interest "should not extend past October 26, 2023, which is when the Parties participated in a settlement conference with Magistrate Judge Eric I. Long." (D. 155 at 2). After that conference, Judge Long noted that "[a]fter two hours, Plaintiff's last demand grossly exceeded what is available to him by law. Upon reflection, the Court is unable to think of any non-frivolous basis for this demand." *Id*. Consequently, the Defendants argue that the Plaintiff "should not be rewarded for unnecessarily prolonging this litigation for another … 2.5 years." *Id*.

But the ostensible frivolousness of the Plaintiff's case is undermined by (1) a $57,500.00 jury verdict that was ultimately entered in the Plaintiff's favor, and (2) the general standard that prejudgment interest is calculated until the date that damages are ascertained. Without the Defendants providing strong evidence that the Plaintiff purposely delayed this litigation (as opposed to deploying (perhaps ill-advised) negotiation tactics), the Court is not persuaded it should go against the grain and truncate the Plaintiff's interest timeline to October 2023. *See Koenig*, 2009 WL 4043319, at *4 (finding that prejudgment interest terminates on the "date that damages have been ascertained in a meaningful way"). This argument, therefore, is also rejected.

The Court does find, however, that the Plaintiff's prejudgment interest calculation must end on the date that damages were "ascertained in a meaningful way." *Id*. (citing *Kaiser Aluminum & Chemical Corp. v. Bonjorno*, 494 U.S. 827, 836

(1990)). The Plaintiff requests prejudgment interest through March 27, 2026; *i.e.*, the date on which he filed his damages schedule. But, clearly, damages were "ascertained" on May 9, 2025 — the date on which the Plaintiff received his jury verdict of $57,500.00 in backpay damages. (D. 123). Plainly, it does not make sense to award the Plaintiff *pre*judgment interest after the date on which the jury issued a precise damages award in his favor. Thus, while the Court disagrees with the Defendants' suggested date of October 23, 2023, the Court finds that the Plaintiff's prejudgment interest timeline should run from the date of his termination (September 1, 2018) to the date on which the jury "ascertained" his damages award (May 6, 2025). *See Ultratec, Inc. v. Sorenson Commc'ns, Inc.*, No. 14-CV-66-JDP, 2019 WL 2285487, at *1–3 (W.D. Wis. May 29, 2019) (finding that "pre-judgment interest terminate[d]" on the date of the judgment codifying the jury's verdict); *Woods*, 2012 WL 2062400, at *7 (calculating prejudgment interest "from the date of Woods' termination until the date of entry of the jury's verdict").

## C

Lastly, the Defendants object to the Plaintiff's interest calculation for the month of September 2018. Specifically, the Defendants argue that "[h]is interest calculations are based on a theory that on September 1, 2018, he would have received compensation for the month of September." (D. 155 at 2). The Court rejects this argument. The Plaintiff was terminated on August 31, 2018. Had the Plaintiff not been terminated, the Plaintiff would have worked for the Defendant the entirety of September 2018. And, as the Court has established, the Plaintiff's prejudgment interest award computation begins with the date of his termination. Accordingly, September 2018 should be included in the Plaintiff's prejudgment interest award.

## D

Lastly, the Court turns to the calculation of the Plaintiff's prejudgment interest award. "Under Seventh Circuit precedent, the Court is required to use the prime rate when assessing pre-judgment interest." *Baier*, 175 F. Supp. 3d at 1011 (citing *Partington*

4

*v. Broyhill Furniture Indus., Inc.*, 999 F.2d 269, 274 (7th Cir. 1993)). Here, the parties agree that 6% is the proper rate; the Court sees no need to disturb that agreement. Otherwise, having overruled the Defendants above objections to the Plaintiff's prejudgment interest award, and having established that the Plaintiff's prejudgment interest runs from September 1, 2018 through May 6, 2025, the Court identifies no issues with the Plaintiff's prejudgment interest calculation. Accordingly, the Court reduces the Plaintiff's requested amount of $25,281.85 by $3,081.63[2], for a total prejudgment interest award of $22,200.22.

### III

For the reasons set forth above, the Plaintiff's motion for prejudgment interest is granted in part. The Plaintiff is entitled to $22,200.22 in prejudgment interest based on his $57,500.00 damages award.

*It is so ordered.*

Entered on April 23, 2026

s/Jonathan E. Hawley
U.S. DISTRICT JUDGE

---

[2] This deduction includes (1) the $812.88 of interest the Plaintiff accrued in 2026 and (2) the $2,268.75 in interest that the Plaintiff accrued in 2025 after May 5.